# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FABIOLA M. M., and A. D. M. M., | No. 26-cv-1229 (KMM/JFD) |
| Petitioners, | |
| v. | **ORDER** |
| PAMELA JO BONDI, et al., | |
| Respondents. | |

On February 11, 2026, Respondents asked the Court to dismiss the petition or transfer this case to the Western District of Texas based on the location of Petitioners' confinement in a facility there. (Dkt. 7.) On February 12, 2026, Petitioners' counsel filed a Reply and Status Report in which they advised the Court that Petitioners had been released around 5:00 PM on February 11. (Dkt. 9.)

In addition, Petitioners' Reply states that Respondents failed to return property upon releasing Petitioners, including: (1) a gold wedding ring; (2) Venezuelan Citizenship Identification Card; and (3) miscellaneous clothing items. (*Id.* at 2.) Respondents also imposed certain conditions on Fabiola M. M.'s release, including requiring her to (1) enroll in the alternative to detention program, which includes having an ankle location monitor installed; (2) report to a "duty officer" on March 12, 2026; and (3) obtain permission in writing from Respondents to change her residence or telephone number. (*Id.*) Petitioners now ask the Court to "exercise its remedial powers" and grant three forms of relief: (1) return of Petitioners' property; (2) nullification of the conditions of release imposed by

Respondents; and (3) an award of fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 3–4.)

Based on a review of the entire record, the Court finds that additional briefing is required. First, the Court finds that it is appropriate to require counsel for the parties to confer about the issue of Petitioners' property so it can be resolved without court intervention. In addition, Petitioners' release from custody raises questions about the existence of an ongoing case or controversy, and the parties' briefing does not address this issue. Finally, the briefing does not currently contain substantial argument concerning the Court's authority under the circumstances of this case to address Petitioners' request for rescission of Fabiola M. M.'s release conditions. Accordingly, **IT IS HEREBY ORDERED THAT**

1. The parties are required to promptly meet and confer in a good faith attempt to secure the return of Petitioners' property. Counsel for Petitioners shall provide counsel for Respondents an itemized list of all property they claim has not been returned. Counsel for Respondents shall endeavor to locate and return that property. **On or before February 18, 2026**, Respondents must file a Notice describing the return of the property, any efforts made to return the property if it has not been returned, and any steps yet to be taken.

2. **On or before February 20, 2026**, Petitioners shall file a memorandum of law including argument and supporting legal authority concerning the Court's ability to award the relief requested in Petitioners' Reply and Status Report under the circumstances presented in this case. In addition, Petitioners shall address whether their release from custody has rendered this case moot, and how that analysis affects the Court's power to provide any of the relief requested.

3. **On or before February 27, 2026**, Respondents shall file a memorandum of law including argument and supporting legal authority concerning the same issues outlined above. For avoidance of doubt, Respondents' memorandum shall address the averments in Petitioners' Reply and Status Report concerning the imposition of conditions of supervision on Petitioners and, if still ongoing, the alleged failure to return their property.

Date: February 13, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge